UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SAMUEL KATZ and LYNNE RHODES, individually, and on their own behalf and on behalf of all others similarly situated,<br><br>Movants,<br><br>v.<br><br>SHELL ENERGY NORTH AMERICA (US), LP, a California corporation,<br><br>Respondents. | No. 21-cv-10706-ADB |

**ORDER ON MOTION TO ENFORCE SUBPOENA**

Cabell, U.S.M.J.

The movants (Katz) are the plaintiffs in a putative class action in this district against Liberty Power Corp., LLC and Liberty Power Holdings, LLC (Liberty) for allegedly violating the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §§ 227 *et seq.* *Katz v. Liberty Power Corp.*, Civ. A. No. 18-cv-10506-ADB (filed Mar. 16, 2018) (*TCPA Action*). On December 2, 2020, Katz served third party Shell Energy North America (SENA), a creditor of the Liberty entities, with a subpoena seeking production of communications and various financial documents involving Liberty. (D. 1-3). On January 22, 2021, Katz filed a Motion to Enforce the subpoena in the federal district court for the District of Southern California, the court where compliance

was required, pursuant to Fed. R. Civ. P. 45(d)(3)(A).  (D. 1).  SENA opposed and Katz filed a reply.  (D. 8, 10).

On April 23, 2021, the court in the Southern District of California transferred the motion to this district pursuant to Fed. R. Civ. P. 45(f), finding that "exceptional circumstances"—namely, the extensiveness of the underlying litigation—justified the transfer.  The court observed that as SENA is a national corporation, transfer would not impose a significant burden on it, and any existing burden was outweighed by the interest in ensuring consistent rulings, preserving judicial economy, and permitting the court with the most experience and knowledge of the facts to rule on the motion.  (D. 12-1).

The parties subsequently narrowed somewhat the scope of the subpoena but a review of the pleadings and exhibits indicates that Katz still seeks the following documents:

1. All emails to or from the Liberty Power domain "libertypowercorp.com" for the year 2020[1]; and

2. All documents related to due diligence that SENA undertook regarding Liberty.

Since a Rule 45 subpoena must comport with Fed. R. Civ. P. 26(b)(1), the "information sought . . . must be: (1) not privileged; (2) relevant to the claim or defense of any party;

---

[1] Katz indicated that it was willing to further limit this request to emails involving just three employees of Liberty.  (D. 10 at 7).

2

and (3) either admissible or reasonably calculated to lead to the discovery of admissible evidence." *In re New England Compounding Pharmacy, Inc. Prods. Liab. Litigation*, MDL No. 12-2419-FDS, 2013 WL 6058483, at *4 (D. Mass. Nov. 13, 2013). Additionally, a subpoena may be quashed or modified if production would subject the recipient to undue burden. *Id.* at *6. In evaluating undue burden, courts look at (1) the relevance of and (2) necessity for the documents sought, (3) the breadth of the request, and (4) the expense and inconvenience of complying with the subpoena. *Behrend v. Comcast Corp.*, 248 F.R.D. 84, 86 (D. Mass. 2008).

Katz asserts that the documents it seeks are relevant to determine whether Liberty's production is complete, especially where Liberty Power Holdings, LLC has gone into Chapter 11 bankruptcy and Liberty Power Corp., LLC appears to be in the process of dissolution. Further, Katz notes that the court through the underlying action has authorized it to conduct financial discovery to attempt to reassert a claim under the Florida Uniform Fraudulent Transfer Act, and also to determine possible punitive damages under the TCPA. (D. 234). As a creditor of Liberty, SENA presumably would have relevant financial information.

In its opposition memorandum, SENA contends that Katz has not made a showing of the relevance of the sought documents given that the underlying litigation focuses on improper telemarketing techniques.  Further, SENA contends that the requests are unduly burdensome because SENA is a national corporation with a multitude of accounts, servers, and documents that it would have to search.  Finally, SENA notes that it has already produced all financial information "reasonably proportionate to the discovery needs of this case."[2]

From its review, the court finds as a threshold matter that the subpoena does seek relevant information where the court has authorized financial discovery and SENA is a creditor of Liberty.  The court finds further that SENA has not made a compelling showing that complying with the remaining requests would subject it to undue burden.  Initially,  SENA objected to every request in the subpoena with the same boilerplate language:

> Shell objects to this request as overly broad and
> unduly burdensome. Shell objects to this request as
> it seeks information not relevant to the subject
> matter of the litigation. Shell objects to this
> request to the extent that it seeks information not
> in Shell's possession, custody, or control. Shell
> objects to this request to the extent that it seeks
> information covered by the attorney client

---

[2] SENA has produced 11 documents consisting of financial information about Liberty from January 2014-2018, as well as Liberty Power Holdings, LLC's Statement of Operations for the first three quarters of 2020.

> privilege, work product doctrine and/or any other
> applicable privileges. As stated above, Shell has
> attempted to confer with the subpoenaing party to
> further understand what is being requested but has
> not received a response. Shell reserves the right
> to supplement this subpoena should relevant,
> responsive, and non-privileged information become
> available.

D. 8-1. Additionally, SENA in its opposition asserts that a search would take "seemingly limitless hours, or perhaps days" to conduct, but apparently has neither done any preliminary searches to even ascertain how many emails would be potentially relevant, nor provided an estimate of the time or cost involved.

The court has previously rejected similar boilerplate objections in the underlying case as inadequate. *See TCPA Action*, D. 234, at 11-12.  It is not enough to merely assert overbreadth, burden, or oppression; instead, the party resisting discovery must specifically show how each request for production is either not relevant or overbroad, burdensome, or oppressive. *Healthedge Software, Inc. v. Sharp Health Plan*, Civ. A. No. 19-cv-11020-ADB, 2021 WL 1821358, at *4 (D. Mass. May 6, 2021). SENA has not made this showing.  As SENA has failed to do so, the court does not credit its objections.

Accordingly, the movants' Motion to Enforce Subpoena is GRANTED.  SENA is hereby ORDERED to produce the following within 30 days of the issuance of this ORDER:

1. Emails from the year 2020 to or from the domain "libertypowercorp" regarding three Liberty employees to be identified by Katz.  If any such emails are subsequently withheld on the basis of privilege or work product, SENA shall accompany its production with a privilege log.

2. All documents pertaining to SENA's due diligence regarding Liberty.  As the record indicates that it is unclear if SENA has any such documents in its possession, if SENA indeed has no such documents in its possession, custody, or control, it shall so state in a formal response to the subpoena.

**So Ordered.**

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  September 30, 2021